63   93
a64  770

## RUFUS W. SMITH

*v.*

## THE DELAWARE AND ATLANTIC TELEGRAPH AND TELEPHONE COMPANY.

[Filed February 19th, 1902.]

In a suit to compel defendant to remove telegraph and telephone wires strung in front of complainant's premises without his consent, the uncontradicted testimony of plaintiff's solicitor that he called at defendant's office and was shown to the office of the general manager; that the latter stated he was general manager and authorized to speak for the company; that the company had erected the wires, and had received a letter from complainant forbidding their erection, &c., though incompetent because hearsay, was, no objection being taken to its admissibility, sufficient to show that defendant caused the wires to be strung, and therefore to authorize a mandatory injunction compelling their removal.

Smith v. Delaware & A. Tel. & Tel. Co.

*Mr. William Early,* for the complainant.

*Mr. David J. Pancoast,* for the defendant.

REED, V. C.

This suit is brought to compel the defendant to remove certain telephone or telegraph wires strung over the sidewalk in front of the complainant's premises without his consent. The single defence interposed is that the testimony fails to show that the Delaware and Atlantic Telegraph and Telephone Company caused said wires to be strung and maintained.

The testimony connecting the defendant with the stringing of these wires is that of William Early, the solicitor of the complainant. The substance of his testimony is that prior to the bringing of the suit he, for the purpose of ascertaining whether the Delaware and Atlantic Telegraph and Telephone Company actually erected the wires on Mr. Smith's property at Elmer, called at the office of the company in Philadelphia. He says:

"I was shown to the office of the general manager, Mr. Westbrook, and had a conversation with him, in which conversation Mr. Westbrook told me that he was the general manager of the company, and authorized to speak for the company; that it was the Delaware and Atlantic Telegraph and Telephone Company, who had erected the wires on the property of Mr. Smith on Main street, in Elmer, and that he received a letter from Mr. Smith forbidding the placing of the wires there, and asked him [Mr. Early] whether a money consideration would settle the matter."

Mr. Smith had testified that as soon as he found the borough council had passed an ordinance he wrote to the Delaware and Atlantic Telegraph and Telephone Company forbidding them to erect poles and string wires over his property. That this letter was mailed in an envelope with his name on the outside, with the direction that if not delivered in five days to be returned to Rufus W. Smith, with his address, and that the letter was never returned.

The evidence of Mr. Early, it is perceived, is that Mr. Westbrook told him that he was the general manager of the company and authorized to speak for the company, and that it was the company who had erected these wires, and that he had received

a letter from Mr. Smith. No objection was interposed by the solicitor of the company to the admission of this testimony. The testimony is hearsay, but if, by reason of the silence of the solicitor of the company at the hearing it is to be regarded as competent, it shows that Mr. Westbrook was the subsisting agent of the company in respect to the business of the company, which included the stringing of the wires, and that his admission was made while still an agent, in the transaction of business concerning his agency.

The rule is undoubtedly well settled that an agency cannot be proved by the declaration of an agent, if objection be made. Where, however, no objection is made, hearsay evidence, like any other evidence, is to be considered and given the importance it deserves. A distinction has been asserted between trials before a court alone, and trials before a jury, in respect to the admissibility of hearsay testimony. *State* v. *M'Donald, Coxe *332.* In the case of *Huesinkveld* v. *St. Paul Fire and Marine Insurance Co., 106 Iowa 229,* it was held that even in a trial before a jury, the jury may properly consider a witness' testimony that one person was the agent of another, though such witness' knowledge of such relation is shown to be based entirely on hearsay, where no objection is made to the competency of the witness. The incompetency, therefore, of this testimony being waived by want of objection, the only question is in respect to its probative force. The probative force of this declaration by Mr. Westbrook must be regarded in connection with the fact that no testimony was offered by the company to refute it. It is impossible to disregard the significance of the fact that a party who has it in its power to show the inaccuracy of a statement made by an opposing witness fails to make the attempt. Viewing the testimony of Mr. Early in this light, I have no doubt that these wires were strung by the defendant.

I will advise a mandatory injunction.