Scalise v. Uvalde Asphalt Paving Co.    *98 N. J. L.*

JOSEPH SCALISE, DEFENDANT, v. UVALDE ASPHALT
PAVING COMPANY, PROSECUTOR.

Submitted December 7, 1922—Decided July 17, 1923.

1. The contract of employment between an employer and employe
in this state, either by expressed or implied consent, is made sub-
ject to section 2 of the Workmen's Compensation act of 1911.
*Pamph. L., p.* 134.

2. The supplement of 1918 to the Workmen's Compensation act
(*Pamph. L., p.* 429) and the amendment of 1921 to that supple-
ment (*Pamph. L., p.* 731), which inaugurates a new method of
procedure in compensation cases by providing for a workmen's
compensation bureau, vesting certain officials with exclusive
original jurisdiction of all claims for compensation arising under
section 2 of the act of 1911, and limits the power of the Court
of Common Pleas on appeal to a review of the testimony taken
before the commissioner of labor or other official, are not open to
the objection that such provisions are not set forth in the title
of the original act, as they are comprehended in that part of the
title which reads "regulating procedure for the determination of
liability," &c.

3. The provision of the supplement of 1918 to the Workmen's Com-
pensation act (*Pamph. L., p.* 429) that the official conducting a
hearing shall not be bound by the rules of evidence, does not ex-
press a general design to change the rules of evidence, but aims
to permit a statutory tribunal which may or may not be composed
of individuals learned in the subtleties of the rules of evidence
to hear and investigate claims for compensation unhampered by
such rules.

4. Where a question arises for the first time in this state out of a
statutory provision which was taken from a statute of a sister
state, which statute has been construed by her courts, such con-
struction is entitled to great weight, and will be followed by our
courts, unless it is contrary to some declared legislative policy of
this state.

5. Section 9 of the supplement of the Workmen's Compensation act,
which provides that the official conducting a hearing shall not be
bound by the laws of evidence, &c., is similar in its provisions to
the New York statute dealing with the same subject-matter; and
this statute, having been confirmed by the highest court of that
state, holding that the statute does not declare the probative
force of any evidence, and our statute being similar in scope, it
is held to be valid for the same reason.

6. The provisions of section 2 of the Workmen's Compensation act
are binding upon both employer and employe, and if in practical
working of the procedure provided by the act it appears to be
harsh and oppressive, it becomes a matter of consideration for the
law-making power, and not for the courts.

On *certiorari.*

Before Justices KALISCH, BLACK and KATZENBACH.

For the prosecutor, *Kalisch & Kalisch* (*Isidor Kalisch* on the brief).

For the defendant, *John A. Hartpence.*

The opinion of the court was delivered by

KALISCH, J.     Joseph Scalise was in the employ of the Uvalde Asphalt Company, the prosecutor herein.   On July 13th, 1920, he was injured in an accident which arose out of and in the course of his employment.   He presented his petition to the workmen's compensation bureau of the department of labor alleging that the amount he had been paid by his employer, viz., $156, for thirteen weeks for temporary disability at the rate of $12 a week, the maximum compensation allowed by the statute, was insufficient and that he was also entitled to compensation for permanent injury.   After a hearing on the petition, the deputy commissioner of labor dismissed the petition on the ground that the petitioner had received from his employer all that he was entitled to, and further that he was not entitled to compensation for permanent injury.   It appears that the petition was filed on December 31st, 1920, to which the prosecutor filed its answer, and a hearing was had on January 9th, 1921, and an order of dismissal was entered January 23d, 1922.   From this order of dismissal the petitioner, on February 15th, appealed to Hudson County Court of Common Pleas, where the hearing of the appeal was fixed for March 7th, 1922, and after several adjournments, was finally heard on June 1st, 1922, and judgment rendered on July 11th, 1922.   The hearing was confined to the transcript and the testimony taken before the deputy commissioner, as directed by the statute.   The court found that the petitioner was entitled to compensation for temporary disability at the rate of $12 per week, from July 23d, 1920, to February 20th, 1922, and that the prosecu-

tor was entitled to be credited with $156 paid the petitioner, and which sum was to be deducted from the allowance made, and awarded the petitioner counsel fee of $150 and costs.

While the court did find and determine that the injury would probably result in a permanent disability, the question whether or not there was permanent disability was left to be determined upon due application of the petitioner. Upon the finding the court ordered that the judgment of the deputy commissioner be reversed and that judgment final be entered in favor of the petitioner for a period of eighty-two weeks against the prosecutor, beginning with July 23d, 1922, &c., as determined in the finding. First of all it should be borne in mind that the fundamental basis of the procedure under the Workmen's Compensation act rests upon the contract between the employer and employe, where the employment is under section 2 of the act entitled "elective compensation."

In such a circumstance the contract of employment between employer and employe, either by express or implied consent, is made subject to the provisons of section 2, under the caption "elective compensation" of the Workmen's Compensation act of 1911, chapter 95, page 136, and the supplements thereto. This statute has been held to be constitutional. *Sexton* v. *Newark District Telegraph Co.*, 84 *N. J. L.* 85.

The legislature made a radical change in the procedure relating to claims for compensation in accident cases by the employe against his employer, where the contract of employment falls within section 2 of the statute of 1911, by an act entitled "An act creating a workmen's compensation aid bureau in the department of labor." *Pamph. L.* 1916, *p.* 97.

This latter act was considered by this court in *Crew* v. *Trainor*, 91 *N. J. L.* 87, and there held "that it does not provide a new remedy or impair contracts; it only prescribes a new method of procedure for the enforcement of an existing contract," &c. This view was adopted by the Court of Errors and Appeals. 92 *Id.* 512; *Levitan Embroidery Works* v. *Lamatina*, 95 *Id.* 68.

In 1918 the legislature by a supplement to the act of 1911 repealed the statute of 1916 in express terms (*Pamph. L.*

1918, *pp.* 429, 437) and created an entirely new method of procedure by providing for a workmen's compensation bureau and investing the commissioner of labor, the deputy commissioners and referees appointed under the act, either sitting individually or together, with exclusive original jurisdiction of all claims for compensation arising under section 2 of the act of 1911.

In 1921 the act of 1918 was amended in various particulars, especially in enlarging the powers of the commissioners and defining with more definiteness the procedure before the commissioner and the Court of Common Pleas. *Pamph. L.* 1921, *ch.* 229.

Taking up first the objection leveled against the constitutionality of the act upon the ground that the title does not express the object of the act, in that the provisions in the body of the act relating to the limiting of the power of the Court of Common Pleas on an appeal to it to a review only of the transcript and testimony taken before and sent up by the commissioner in a compensation case, and the inhibition against taking further testimony on appeal, and that the commissioner at a hearing before him shall not be bound by the rules of evidence, we think all these provisions are comprehended in that part of the title which reads, "regulating procedure for the determination of liability," &c.

But it is further contended on behalf of the prosecutor that section 9 of the act of 1918, *supra,* providing that the official conducting a hearing under such act shall not be bound by the rules of evidence, changes the rules of evidence, which subject is foreign to the object expressed in the title of the statute, and that such a purpose could only be constitutionally accomplished by an amendment of, or a supplement to, the Evidence act.

Observation is inescapable that there is no general design expressed to change the rules of evidence as they now exist, but that the sole legislative aim is, as a part of a procedure in a proceeding unknown to the common law, to permit the statutory tribunal, of the first instance, which may or may not be composed of individuals learned in the subtleties and

niceties of the law of evidence, to hear and investigate each and every claim for compensation unhampered by the observance of the rules of evidence.  We think therefore that the object is germane to the title of the act.

But as to the probative force of testimony condemned by the generally accepted rules of evidence to be incompetent or improper or valueless, an entirely different legal situation is presented.

Section 9 of the act of 1918 apparently had its origin in section 68 of the New York statute dealing with the same matter under consideration here.  The New York statute, however, is more explicit than ours and is worth quoting here because it is in a measure explanatory of the relaxation of the rules of evidence as a part of the procedure.

Section 68 provides: "The commission or commissioners or deputy commissioner in making an investigation or inquiry or conducting a hearing shall not be bound by common law or statutory rules of evidence or by technical rules of procedure, except as provided by this chapter; but may make such investigation or inquiry or conduct such hearing in `such manner as to ascertain the substantial rights of the parties."

In construing this section, in *Carroll* v. *Knickerbocker Ice Co.*, 218 *N. Y.* 435; 113 *N. E. Rep.* 507, Mr. Justice Cuddenback, speaking for the Court of Appeals ·(at *p.* 508), of the latter report, said: "That section does not declare the probative force of any evidence, but it does declare that the aim and end of the investigation by the commission shall be ascertain the substantial rights of the parties.  No matter what latitude the commission may give to its inquiry, it must result in a determination of the substantial rights of the parties.    Otherwise the statute becomes grossly unjust and a means of oppression."

Section 9 of our statute does not declare the probative force of evidence rejected or received in violation of the rules of evidence.

Our courts have repeatedly held where a question arising for the first time in this state out of a provision of an act

which was taken from a statute of a sister state and construed by her courts, such construction is entitled to great weight and will be followed, unless it is contrary to some declared legislative policy of this state. *Neilson* v. *Russell, 76 N. J. L.* 656; *Clay* v. *Edwards,* 84 *Id.* 221; *Hopper* v. *Edwards,* 88 *Id.* 471; *Torrance* v. *Edwards,* 89 *Id.* 510; *In re Christie's Estate,* 87 *N. J. Eq.* 303.

The commissioner having dismissed the petition, thereby denying any further compensation to the petitioner than that which he had already received from the prosecutor, the petitioner appealed to the Court of Common Pleas, which court was limited to a review of the transcript and the testimony taken before the commissioner, to make a determination on the merits of the case. In the statutory language, the duty imposed upon the court is that it "shall in a summary manner decide the merits of the controversy."

There is no merit in the contention that the court took into consideration the treatment cards issued to the petitioner by various hospitals in determining the merits of the controversy, for an examination of the record discloses that there was a controverted question of fact whether or not the plaintiff suffered a disability from his injury as claimed by him. The plaintiff and his physician testified that the former was still laboring under disability to perform labor by reason of his injury, while the prosecutor's physician denied that such disability existed. There was therefore competent testimony before the court sufficient to form a reasonable basis for a reversal of the judgment of the commissioner and to make an award for compensation for temporary disability.

But it is further objected that even if the court was warranted in making an award, the award should have been limited to the time the appeal was taken from the judgment of the commissioner, and not beyond it.

The argument to sustain this contention is that fifty days necessarily elapse before the appeal reaches a stage when it can be properly heard and determined by the Court of Common Pleas; that in the present case the appeal was not heard

by reason of adjournments until the lapse of several months; that if the temporary disability ceased a day after the appeal was taken, and the petitioner had employment, that that fact could not be shown under section 19 of the act or under any other section, because the reviewing tribunal is limited to a consideration of the transcript and the testimony at the hearing before the commissioner; that to deprive the prosecutor of introducing at the hearing before the Common Pleas testimony tending to establish that the petitioner was not suffering any longer from a temporary disability caused by the injury and that he was earning as much if not more than at the time he was injured was depriving the prosecutor of his property without due process of law.

This may be a fair criticism upon the practical operation of the section impugned, but the fact cannot be overlooked that the employment was under section 2 of the Workmen's Compensation act, and, therefore, if there was not an express consent, there was an implied one that its provisions shall be binding on both employer and employe, and if harsh and oppressive, it becomes a matter for consideration by the lawmaking power and not for the courts.

Lastly, it is urged that the Common Pleas Court was without power to award a counsel fee.

Section 20 of the act of 1918, page 436, makes express provision for the allowance of a reasonable attorney fee to the party prevailing in the trial of the appeal. This section was not repealed by the statute of 1921, chapter 229.

Judgment is affirmed, with costs