THE A. P. SMITH MANUFACTURING COMPANY, A CORPO-
RATION, PROSECUTOR, v. COURT OF COMMON PLEAS
OF ESSEX COUNTY, JOHN H. SCOTT, CLERK, AND
BENJAMIN KASS, RESPONDENTS.

Submitted October 11, 1929—Decided June 9, 1930.

Before Justices TRENCHARD, LLOYD and CASE.

For the prosecutor, *Edwards & Smith* (*Edwin F. Smith* and *Raymond Dawson,* of counsel).

For the respondent, *Benjamin Kass* and *John V. Laddey.*

The opinion of the court was delivered by

LLOYD, J. A writ of *certiorari* was allowed in this case to review the action of the Common Pleas Court in reversing an order of a commissioner of the compensation bureau, which order dismissed the petition of Benjamin Kass for a rehearing of an award which had been adjusted eleven years before. Petitioner had an injury to the leg in 1916, and filed his petition in the Essex Common Pleas for compensation. On May 4th, 1917, an award was made on this petition for the sum of $798.25, and a further sum of $10 per week for a

period of forty-three weeks. The order thus made was complied with and no payments had been made within the nine years preceding the filing of the petition in the present proceeding. In the application now being considered it is claimed that there has been an increase of incapacity; that the injured leg, subsequent to the filing of the petition, was amputated in consequence of the injuries received in 1916.

During the period of Kass' employment the original Workmen's Compensation act of 1911 was in force and section 21 of that act provided:

"Sec. 21. An agreement or award of compensation may be modified at any time by a subsequent agreement, or at any time after one year from the time when the same became operative it may be reviewed upon the application of either party on the ground that the incapacity of the injured employe has subsequently increased or diminished."

In 1919 this section was amended to the following effect:

"(F) An agreement or award of compensation may be modified at any time by subsequent agreement or reviewed upon the application of either party on the ground that the incapacity of the injured employe has subsequently increased or diminished."

By the same act section 23 of the act of 1911 was amended respecting the limitation of time within which claims could be presented as follows:

"(h) In case of personal injury or death all claims for compensation on account thereof shall be forever barred unless a petition is filed in duplicate with the secretary of the workmen's compensation bureau, at the State House, in Trenton, within one year after the date on which the accident occurred, or in case an agreement of compensation has been made between such employer and such claimant, then within one year after the failure of the employer to make payment pursuant to the terms of such agreement; or in case a part of the compensation has been paid by such employer, then within one year after the last payment of compensation."

The prosecutor under the legislation above set out contended that the present petition was out of time and that

the judgment reversing the order of the commissioner was in consequence erroneous. Paragraph F of the act of 1919 was construed by this court in the case of *Lusczy* v. *Seaboard By-Products Co.,* 101 *N. J. L.* 170, and it was there held that the words "at any time," as contained in this paragraph, referred solely to the question of subsequent agreement and not to the modification by review on the altered ·state of the incapacity and that hence the limiting provision of paragraph h of section 23 limited a right to review to one year after the last payment of compensation.

It will be at once observed, however, that the question herein differs radically from the one presented in the case cited. The decision in the case cited can be of no assistance in determining the question here presented. There is no room for differing opinion as to the meaning of the second paragraph of section 21 of the act of 1911. It accords to either employer or employe an unlimited time after one year from the time the award became operative for a review based upon change in the incapacity for which the award was originally made. Its object, differing from the ordinary damages recoverable in actions at law, was to mete out justice between employer and employe in the light of future contingencies so that, upon the one hand, an injury, serious to-day, tomorrow becoming· of trifling moment, may not call for continued payments unjust to the employer, or on the other hand that the employe should have redress should injuries ultimately turn out. more seriously in future years. In this situation the legislature in 1919, deeming that some limitation should be placed on the time within which even such changes could be made the basis of review, enacted paragraph h of section 23.

Interpreting the legislation as we do, the remaining and only question is whether the right accorded to the petitioner by the act of 1911, during the operation of which his employment began and ended and his injury arose, could be affected by subsequent legislation to the detriment of either party. Our answer is that given by the Common Pleas Court of Essex county.˙ By virtue of the Workmen's Compensation

law a status was created between employer and employe under which so long as the employment continued, and no reservation of the common law rights were reserved, the employer on the one hand gave up certain defenses available at common law and the employe on the other hand gave up all right of action based upon the legal principles of the common law. This legislation as we view it established rights in the respective parties which could not be taken from them after the relation of master and servant had terminated. Even if it were competent for the legislature to take from the parties rights accorded as here, legislation to this end must of necessity, being in derogation of the rights of the parties, be so clear and explicit to that end that no intendment could be inferred to the contrary. There is nothing in the amendment of the twenty-third section in 1919 to suggest that a retroactive effect was intended, and for this reason, if not for the more fundamental reason that the impairing legislation was beyond the power of the legislature, the amendment must be construed as not affecting the parties' rights.

That the legislature did not so intend is also evident from the fact that no time was allowed by that amendment in the case where the last payment had at that time lapsed for a period longer than one year.

The judgment is affirmed.