Essex County Court of Common Pleas.

JAMES BUCCI, PETITIONER-APPELLANT, v. KIRKPATRICK CONSTRUCTION COMPANY, INCORPORATED, A COR-PORATION OF NEW JERSEY, RESPONDENT-APPELLEE.

JAMES BUCCI, PETITIONER-APPELLANT, v. AUSTIN COM-PANY, A CORPORATION, RESPONDENT-APPELLEE.

Decided May 4, 1933.

For the petitioner-appellant, *David Roskein.*

For the Kirkpatrick Construction Company, respondent-appellee, *Henry M. Grosman.*

For the Austin Company, respondent-appellee, *John A. Matthews.*

HARTSHORNE, C. P. J.   In both the above cases the same petitioner was injured in the same muscles of his back; first, on November 26th, 1928, while employed by the Kirkpatrick Construction Company, later, on June 17th, 1929, while employed by the Austin Company.   Both by reason of the above and because the same questions of law were involvd in both cases, the same were heard together below and were argued together here on appeal.

The appeal is from the bureau's dismissal of petitions for compensation for disabilty appearing subsequently to a previous award under section 21-f of the Substantive Workmen's Compensation act of 1911.   Such petitions were dismissed

by the bureau on the grounds that (1) they were barred by previous compromise settlements entered into by petitioner and the respective respondents, and (2) the petitions were not filed within a year from the date when the compensation payments would have been completed had they, in fact, been paid week by week following the respective accidents, relying upon *Harris* v. *International Motor Co.*, 9 *N. J. Mis. R.* 208; 153 *Atl. Rep.* 97. The first ground is now abandoned by respondents in view of the recent decision of this court in *Boyko* v. *Federated Metals Corp.*, 11 *N. J. Mis. R.* 82; 164 *Atl. Rep.* 462.

In considering the validity of the second ground for dismissal of the petitions, a brief consideration of the facts is essential. In the Kirkpatrick case an award was made February 7th, 1931, for sixty and four-sevenths weeks which, if payment had been regularly made starting from the date of the accident, November 26th, 1928, would have made the payments run out on January 25th, 1930. The present petition was not filed until January 21st, 1932, more than a year after such payments would have expired had they been regularly paid as above, but slightly less than two years thereafter. At the time the present petition was filed, the section of the act under which same was filed provided: "An agreement for compensation may be modified at any time by a subsequent agreement, *or a formal award reviewed within two years from the date when the injured person last received a payment* upon the application of either party on the ground that the incapacity of the injured employe has subsequently increased * * *." Since this section applies to a change of incapacity arising subsequent to the time of injury, *i. e.,* to a right here arising, as a matter of fact, subsequent to the adoption of the above amendment, and since it gives a present remedy, it might well appear applicable here, and without constitutional objection, since respondents' rights in that regard could not possibly have vested in the past before the act was amended. Under such construction the petition is within time, even according to respondents' construction of the Harris case.

But in *Smith Manufacturing Co. v. Court of Common Pleas,* 107 *N. J. L.* 38; 150 *Atl. Rep.* 771, the Supreme Court apparently took a different view of a similar section of the act as it then stood, though its language then differed somewhat from the present; and we consequently feel concluded by its reasoning even under such different wording.

Accordingly, we turn to the act as it existed when the accident occurred. Section 21-f then contained no limitation period in itself but was held, in the case of *Smith Manufacturing Co. v. Court of Common Pleas, supra,* to be limited by the provisions of section 23-h of the same act, limiting the filing of petitions to "within one year after the last payment of compensation." *Pamph. L.* 1919, *ch.* 93, *p.* 211.

It will be seen immediately that the present petition was filed more than a year after the date when the previous compensation payments would have expired had they been regularly paid since the accident, but less than a year from the time the compensation settlement award was made, after which date, of course, the last payments were made in fact. Respondents thereupon rely upon *Harris v. International Motor Co., supra.* There the employer had made payment before it came due. Counting the year from the date of the last payment in fact, the filing of the petition considered in the Harris case was out of time. But, counting the year from the date the last payment should have been made, the petition was filed within time. The statute there considered (*Pamph. L.* 1918, *ch.* 149, § 5) similarly provided for the filing of the petition "within one year after the last payment of compensation." The court there liberally construed the statute to hold the petition to be filed within time.

Respondent in the case at bar accordingly argues that the converse should apply; *i. e.,* that where an employer has made payment, not too soon but belatedly, the period should be counted, as in the Harris case, from the time it should have been paid, not from the time it was paid in fact. But the present situation differs radically in law and common fairness from that in the Harris case. There the court liber-

ally interpreted the words of the statute to meet a situation where the parties had acted contrary to the ordinary course of human events, in making payment before the due date, a situation which it was hardly to be expected that the words of the statute would clearly cover. Here, on the contrary, the employer has not made payment steadily since the accident, as it has now been found he should have done, but has made same only after being required by the court to do so, a very normal situation. To this situation the words of the statute directly apply, that the period shall be counted as starting from "the last payment of compensation." To apply the statute in the manner contended by the respondent would permit the employer by adroit adjournment, and failure to do what it is now found he should have done, to bar petitioner of his statutory rights, in the very face of the words of the statute, a result repugnant to every principle of justice. See, also, *Palm Construction Co.* v. *Bahr*, 10 *N. J. Mis. R.* 756; 160 *Atl. Rep.* 886; *affirmed*, 110 *N. J. L.* 445, where the court cites the Harris case in a situation similar to the present, but does not advert to the special statutory construction adopted by the Harris case as above set forth.

In the Austin case the situation is practically on all fours, except for the dates involved. The accident occurred June 17th, 1929. The original petition was filed October 22d, 1929, and an award was made and approved by the bureau February 21st, 1930, which award was in turn reopened, modified and accordingly approved by the bureau December 4th, 1931. Thereafter, new payments were made, within two months of the time of the modification of such award, the present petition was filed for subsequently increased disability. For the reasons above set forth such petition was filed in time. True, such a constant change of front on the part of petitioner invites the closest scrutiny as to its merit. But such scrutiny should be given, not denied, as was done when the petition was dismissed without hearing the alleged merits.

Under such circumstances and in view of the fact that the entire record and testimony, as required by the statute, have

now been furnished this court, some of it by the respondents themselves, the appeals herein will not be dismissed for any possible failure of petitioner-appellant to send up the full transcript, such matter resting entirely within the discretion of the court. *Pamph. L.* 1932, *ch.* 25, *p.* 38.

The orders of the compensation bureau dismissing the two above petitions will accordingly be reversed, leaving such petitions open for proceedings thereunder before the bureau in accordance with this opinion.