PETER McLAUGHLIN, PETITIONER - DEFENDANT, v. HAHNE & COMPANY, A CORPORATION, RESPONDENT-PROSECUTOR.

Submitted October 13, 1933—Decided December 15, 1933.

Before Justices CASE, BODINE and DONGES.

For the respondent-prosecutor, *Cohen & Klein* (*Philip Klein*).

For the petitioner-defendant, *Herman M. Wilson* (*Elias G. Willman*).

PER CURIAM.

The writ brings up for review a ruling of the bureau entertaining a petition for review of compensation filed June 13th, 1933. The petitioner, a porter employed by the defendant, was injured September 30th, 1930, by an accident which arose out of and in the course of his employment.

A petition for compensation was filed March 1st, 1932. After informal and formal hearings, a rule for judgment commuting the balance of the award was made. More than a year after this judgment was fully paid the petition for review was filed. The writ seeks a review of an order denying the motion to strike this petition.

In *Herbert* v. *Newark Hardware Co.*, 107 *N. J. L.* 25; 151 *Atl. Rep.* 502, Mr. Justice Parker reviewed the provisions of the statutes relating to petitions for review because of increased disability and said: "The payment of the judgment

was not such a 'last payment of compensation' in the intendment of the statute, as would support an application to 'review the award' within a year after such payment of the judgment."

When the present judgment was recovered, the act had been amended by *Pamph. L.* 1931, *p.* 704, as follows: "(f) An agreement for compensation may be modified at any time by a subsequent agreement or a formal award reviewed within two years from the date when the injured person last received a payment, upon the application of either party on the ground that the incapacity of the injured employe has subsequently increased, or reviewed at any time on the ground that the disability has diminished." See, also, amendment to paragraph 23 (h) and *Pamph. L.* 1931, *p.* 708.

It clearly appears from the foregoing that if the accident had occurred shortly before the hearing was held the action of the bureau would have been proper. But it is urged that the rights of the parties were fixed by the provisions of the statute existing when the accident occurred. *Smith Manufacturing Co.* v. *Essex Pleas,* 107 *N. J. L.* 38; 150 *Atl. Rep.* 771. However, that was a case where the statute, as amended, fixed a period of limitation upon the right to review. Obviously, it would not be given a retroactive effect. But it is equally apparent that the legislature in enlarging the period for a review by the 1931 amendment intended that such enlargement should apply as specified. Otherwise, the time in which a review could be made would depend upon the date of the accident and not upon the date of the award. The legislature in extending the time in which a review would be had must be understood as desiring that the extended period should relate to the times mentioned by them and not some other time. Giving the statute its plain meaning the bureau quite properly entertained the petition for review.

We have not considered the other matters discussed in the opinion of the bureau, because unnecessary.

The denial of the motion to dismiss the petition of review is affirmed.