### Bergen County Court of Common Pleas.

ANNA C. MANION, IN BEHALF OF HERSELF AS WIDOW AND IN BEHALF OF THE CHILDREN OF FREDERICK L. MANION, DECEASED, PETITIONERS, v. EDER ERECTING COMPANY, RESPONDENT.

Decided September 16, 1936.

For the petitioner, *Kent & Kent.*

For the respondent, *Walter X. Trumbull.*

DELMAR, C. P. J.   This is an appeal from the decision of the deputy commissioner of labor, of the workmen's compensation bureau, dismissing a claim for compensation at the end of the petitioner's case.   It may be gathered from the record that Frederick L. Manion, the decedent, was injured on February 9th, 1926, in an accident while in the employ of the respondent, that when injured, and for sometime prior thereto, he was afflicted with syphilis, which was at that time apparently inactive, and did not interfere with his ability to work.   Shortly after receiving his injury the decedent became permanently and totally disabled as the result of his syphilitic condition becoming activated, and on August 6th, 1927, he was confined to the insane asylum at Greystone Park, where he remained continuously until January 3d, 1933, when he

died from a cerebral hemorrhage, which was the end result of his syphilitic condition.

In 1929 a formal proceeding was instituted in the workmen's compensation bureau by his wife as his guardian, "on behalf of herself and her children," and after a hearing thereon, the deputy commissioner decreed an award of compensation to the then petitioner. No appeal was taken from this determination, and compensation was paid thereunder up to the time of the decedent's death, since which time a new petition, which is the foundation of the present proceeding, was filed to recover an award of compensation for his death, which the petitioner claims is a direct result of the original accident. After the petitioner's case was in, the deputy commissioner dismissed the petition, holding that the petitioner failed to produce any competent proof that the decedent's death was caused by the injury sustained by the petitioner's decedent in an accident arising out of and in the course of his employment with the respondent. From this determination the petitioner appeals to this court and seeks a reversal.

I have examined the record carefully and find it barren of any evidence that the petitioner's decedent died as a result of an accident arising out of and in the course of his employment, unless the same may be found in the "Findings of Fact and Rule for Judgment" in the prior proceeding. This document was offered in evidence by the petitioner but was not actually received or marked as an exhibit, the referee remarking "that is a part of the record anyway." From which informality the first point of controversy arises, the petitioner claiming that it should be considered as a part of the evidence, the respondent contesting this claim. The Compensation act provides that the official conducting the hearing for the bureau is not governed by the rules of evidence. *Cum. Supp. Comp. Stat.* 1911-1924, *p.* 3892, § **236-50. The cases hold that the bureau cannot, however, base its findings on incompetent evidence. *Helminsky* v. *Ford Motor Co.,* 111 *N. J. L.* 369; 168 *Atl. Rep.* 420; *Friese* v. *Nagle Packing Co.,* 110 *N. J. L.* 588; 166 *Atl. Rep.* 307. This

court should look at the substance of what transpired before the referee and not the form. *Scalise* v. *Uvalde Asphalt Paving Co.,* 98 *N. J. L.* 696; 121 *Atl. Rep.* 693. I am inclined to think that the referee was of the opinion that this document being a part of the records of the bureau need not be received as an exhibit because he would consider it as a part of the records of the bureau and give it such weight as it may be entitled to as evidence. The failure of the respondent to object to its admission and reception as evidence, coupled with the referee's remark that it is a part of the record anyway lead me to the conclusion that it should be given the same weight as evidence as if it had been formally offered and received as an exhibit. It is, however, not clear what that weight is. The petitioner argues that the "Findings of Fact and Rule for Judgment" are *res adjudicata.* Further, that if it is not *res adjudicata* then at least it is evidence sufficient to establish, in connection with the other evidence, a *prima facie case* on behalf of the petitioner. To render a prior judgment *res adjudicata,* the records must show the identity of the thing sued for; of the cause of action; of the persons and parties; of the quality of the persons for and against whom the claim is made; and the judgment in the former suit must be so in point as to control the issue in the pending proceeding; the issue was taken on the same allegations which are the foundation of the second action. *Smith* v. *Fischer Baking Co.,* 105 *N. J. L.* 567; 147 *Atl. Rep.* 455.

Any rights which the petitioner in the present case may have for compensation for the death of her husband are rights which flow directly from the statute. They are not rights to which she succeeds as the representative of her husband. *Lusczy* v. *Seaboard By-products Co.,* 101 *N. J. L.* 170; 127 *Atl. Rep.* 212.

If the doctrine of *res adjudicata* may be applied to sustain the claim of the petitioner, it could as well be done to prevent or bar such a claim. Consistency would require the application of the rule in the latter situation if it is to be applied in the former. There is no good reason for the admission of the finding of the referee in the prior proceeding when favorable

to the petitioner that would not apply if the finding of the referee were adverse to the petitioner. The application of such rule would, in many instances, result injuriously to dependents of injured workmen. *Industrial Commission of Ohio* v. *Davis,* 186 *N. E. Rep.* 505. Neither is there an identity of the thing sued for—of the cause of action. In the former proceeding it was essential to the petitioner to establish that Manion's condition of illness was aggravated as a result of an accident arising out of and in the course of his employment. In the present proceeding it is essential that the petitioner establish that the death of the decedent was due to an accident arising out of and in the course of his employment. It is clear, therefore, that there is no identity of the thing sued for and the issue is not taken on the same allegations. The matter is, therefore, not *res adjudicata.* Having come to this conclusion, it still remains to determine what weight, if any, should be given to the document in question as evidence in the present proceeding. The petitioner contends that where evidence is admitted in a trial court, either without objection or over objection of the successful party, the party offering such evidence is entitled to have it considered by the trial court in arriving at its conclusion, citing *Daire* v. *Moore,* 1 *N. J. L.* 111; *Smith* v. *Delaware and Atlantic Telephone and Telegraph Co.,* 63 *N. J. Eq.* 93; 51 *Atl. Rep.* 464; 64 *Corp. Jur.* 224; *Anselwitz* v. *Greenstein,* 163 *N. Y. Supp.* 180; *Flora* v. *Carbeau,* 38 *N. Y.* 111. This rule, however, in my opinion, should have no application in a hearing before the workmen's compensation bureau, which is not bound by the strict rules governing the admission of evidence in the courts. It was pointed out in Scalsie *v.* Uvalde Asphalt Paving Co., that it was the desire of the legislature "to permit the statutory tribunal of the first instance, which may or may not be composed of individuals learned in the subleties and niceties of the law of evidence, to hear and investigate each and every claim for compensation unhampered by the observance of the rules of evidence." A different rule, however, applies to the probative force of such evidence as may be received in a hearing before the bureau. It is well settled

that the determination of the bureau must be founded upon competent evidence. *Helminsky* v. *Ford Motor Co., supra; Friese* v. *Nagle Packing Co.,* 110 *N. J. L.* 588; 166 *Atl. Rep.* 307.

In order to sustain her contention that this decedent died as a result of injuries arising out of and in the course of his employment, the petitioner relies on that part of the findings of fact and rule for judgment in the prior proceeding, which recites "as a result, however, of the physical injuries sustained in this accident, the said disease which was then dormant and would otherwise have so remained, became activated and aggravated, so that as a direct result thereof Frederick L. Manion became physically and mentally totally and permanently disabled, &c." Inasmuch as the decedent was living at the time when this finding was made, it is clear that the deputy commissioner who made said findings could not have had in mind that the decedent would die as a result of the accident. The most that he could have meant was that the disease would have remained temporarily dormant had it not been for the accident.

The court will take judicial notice that syphilis is a disease which frequently remains apparently dormant in a person for a long period of years and then suddenly breaks out with renewed activity usually leading to the premature death of the afflicted person.

The strongest evidence offered on behalf of the petitioner is that there is a possibility that the decedent's death was hastened by reason of the accident. However, the petitioner cannot make out a case by showing such to be a possibility. In order for her to recover, she must have shown that this was at least a probability.

There is another respect in which the petitioner has failed to establish a proper basis for a reversal. This court is limited on appeal to a consideration of the transcript of the record and testimony before the workmen's compensation bureau. It is the duty of the appellant to prepare the same, have it duly certified and then filed in the county clerk's office. *Pamph. L.* 1931, *ch.* 280; *N. J. Stat. Annual* 1931, §

**236-60. In the case under review, a complete transcript of the record has not been filed in the county clerk's office. I notice especially the absence of *Exhibits P-1* and *P-2* on behalf of the petitioner, and the failure to have the findings of fact and rule for judgment in the prior case returned as a part of the records in the pending proceeding. No objection to this informality was raised by the respondent, but since this court cannot properly review the proceedings of the bureau without having a complete record before it, the petitioner's failure to present such record entitles the court on its own initiative to dismiss the appeal.

The action of the referee in dismissing the petition is, therefore, affirmed.