STRENG'S PIECE DYE WORKS, INCORPORATED, PROSECU-
TOR, v. ROCCO GALASSO AND THE COURT OF COM-
MON PLEAS IN AND FOR THE COUNTY OF PASSAIC,
RESPONDENTS.

Argued January 23, 1936—Decided October 16, 1936.

Before BROGAN, CHIEF JUSTICE, and Justices LLOYD and DONGES.

For the prosecutor, *Merritt Lane.*

For the respondents, *Nathan Rabinowitz* and *Isadore Rabinowitz.*

PER CURIAM.

This is a workmen's compensation case and it resulted in an award in the bureau and affirmance of that award in the

Pleas. The claimant was injured in an accident April 21st, 1931. Voluntary payments were made by the employer up to November 12th, 1931, when they ceased. On December 17th, 1931, a formal petition was presented to the bureau and this resulted on March 24th, 1932, in an award, the specific elements of which it is not necessary to state.

On February 10th, 1933, a new and second petition was filed. This petition is described by the respondent as one for increased compensation. The final clause of the petition is that the bureau will determine the amount of compensation. The prosecutor, employer, contends that the petition is not one for increased compensation, that a formal determination had been entered on the earlier petition, that that determination was a complete disposition of the case, and that in any event the petition, whatever its nature, was out of time.

The various statutes claimed to be applicable by one or the other of the parties and the numerous decisions bearing on the questions raised are cited in the briefs of counsel. We think it unnecessary to go into a detailed recital of the sections or decisions cited. It is sufficient to say that chapter 279, laws of 1931, page 705 (*N. J. Stat. Annual* 1931, § \*\*236-24(f)), materially modifies the period within which a formal award by the compensation bureau may be reviewed, and so modified the application in the present case was in ample time if the act of 1931 is available to the claimant. That it is available we think has been decided by the Court of Errors and Appeals in the case of *McLaughlin* v. *Hahne*, 113 *N. J. L.* 32; 172 *Atl. Rep.* 566, affirming the Supreme Court decision, 12 *N. J. Mis. R.* 6; 169 *Atl. Rep.* 542.

That there was an award to be reviewed is clearly shown by the record. One of the objects of the Workmen's Compensation law is to simplify and make as simple and inexpensive and informal as possible all proceedings under it, and having this purpose in view, we are not impressed with the criticism of the application as a ground of defeating the substantial rights of the parties.

The judgment is affirmed.